# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 17-24680-CMB |
| CANDACE LYNN DOLFI, | Chapter 13 |
| Debtor. | |
| BRETT DOLFI, SR. and BRIAN DOLFI, | |
| Plaintiffs, | Adversary No. 18-2018-CMB |
| v. | Related to Doc. No. 42 |
| CANDACE LYNN DOLFI, | |
| Defendant. | |

*Appearances*: Keri P. Ebeck, Esq., for Plaintiffs
Dennis J. Spyra, Esq., for Debtor/Defendant

## MEMORANDUM OPINION

The issue before the Court is whether the *Amended Complaint to Determine Non-Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2)(A)* ("Amended Complaint," Doc. No. 42[1]) was timely filed.[2] Candace Lynn Dolfi (the "Debtor") raised the issue of timeliness as an affirmative defense in her Answer (Doc. No. 47). While Debtor asserts the time to pursue the action expired, Brett Dolfi, Sr., and Brian Dolfi (together, the "Plaintiffs") contend that the Amended Complaint is timely as it relates back to the prior pleading. The Court has determined that resolution of this issue at this juncture is necessary as it has created an impasse for any

---

[1] Unless otherwise noted, the docket numbers cited herein refer to filings on the docket of the above-captioned adversary proceeding.

[2] Pursuant to 28 U.S.C. §§1334 and 157, this Court has subject matter jurisdiction over this proceeding. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

1

potential settlement discussions or good faith efforts to mediate. For the reasons set forth herein, this Court finds that the Amended Complaint is untimely and must be dismissed.

Background and Procedural History

The Debtor commenced her bankruptcy case on November 20, 2017, by filing a petition for relief under Chapter 13 of the Bankruptcy Code. The *Notice of Chapter 13 Bankruptcy Case* ("Notice") advised creditors of the deadline to file a complaint to challenge the dischargeability of certain debts. *See* Case No. 17-24680, Doc. No. 13. The Notice specifically identified March 23, 2018, as the deadline to file a complaint to have a particular debt excepted from discharge under 11 U.S.C. §523(a)(2).[3]

The Original Complaint

On February 19, 2018, Plaintiffs filed a *Complaint to Determine Non-Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(6) and (a)(15)* ("Original Complaint"). Without making any determinations as to the truth of the facts alleged, the allegations are recited herein.

Brett Dolfi, Sr., ("Plaintiff Brett") and Debtor are former spouses. Prior to their divorce, the couple entered into a promissory note (the "Promissory Note") with Brian Dolfi ("Plaintiff Brian") in February of 2014 to enable them to purchase a vehicle around that same time. Pursuant to the Promissory Note, the couple promised to pay Plaintiff Brian $35,000.00 by making monthly payments of $550.00. Plaintiff Brian was to be paid in full by April 2017.

On September 14, 2014, approximately seven months after the loan, Plaintiff Brett commenced divorce proceedings against Debtor. Nearly one year after the loan, in January of

---

[3] The deadline is governed by Fed.R.Bankr.P. 4007(c), which provides that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Complaints pursuant to §523(a)(2) are within the purview of §523(c). In this case, the meeting of creditors was set for January 22, 2018, resulting in a deadline of March 23, 2018.

2

2015, Plaintiff Brian commenced an action in state court against Plaintiff Brett and Debtor for failure to make payments pursuant to the Promissory Note. On or around March 3, 2015, a judgment in the amount of $30,600.00 was entered against Plaintiff Brett and Debtor in that action. Several months later, in July 2015, Plaintiff Brett and Debtor entered into a Property Settlement, Separation and Support Agreement ("Property Agreement"), which addressed the vehicle and the debt owed to Plaintiff Brian. Pursuant thereto, Debtor received the vehicle; became solely responsible for the repayment of the debt; and agreed to indemnify, defend, and hold harmless Plaintiff Brett with respect to the debt.[4] Accordingly, Plaintiffs aver that Debtor should have known that she reaffirmed the debt after execution of the Property Agreement.

Despite execution of the Property Agreement in 2015, Debtor has not made any payments to Plaintiff Brian since September of 2017. Around this same time, Plaintiffs allege that Debtor sold or traded-in the vehicle with the intent of ceasing payments to Plaintiff Brian. Plaintiffs assert that Debtor is liable to the Plaintiffs in the amount of $24,000.00, plus fees and costs.

Based on the foregoing allegations, the Original Complaint sought relief under §523(a)(6) and (15). In Count I, pursuant to §523(a)(6), Plaintiffs asserted the debt was non-dischargeable as a debt for willful and malicious injury by the Debtor to another entity or to the property of another entity. Specifically, Plaintiffs alleged that Debtor willfully and maliciously traded-in the vehicle with the intent of ceasing payments and with substantial certainty that harm would result.[5] With

---

[4] The Original Complaint also cites to a provision of the Property Agreement which provides that all such debts and liabilities shall be non-dischargeable in bankruptcy. To the extent Plaintiffs formerly relied on this provision as grounds for non-dischargeability, Plaintiffs have since conceded that such a prepetition waiver is unenforceable. *See Plaintiffs' Statement of Clarification* (Doc. No. 25), at ¶10.

[5] Notably, Plaintiffs do not allege that either Plaintiff had a security interest in the vehicle purchased in 2014. In fact, the Proof of Claim attached as an exhibit to the Original Complaint provides that the claim is not secured. *See* Exhibit G to Original Complaint. Therefore, the relevance of the sale or trade-in of the vehicle in 2017 is entirely unclear. Although the Proof of Claim was later amended to identify the claim as secured, the basis for secured status is a judgment lien secured by real estate.

respect to Count II pursuant to §523(a)(15), Plaintiffs contended that the debt was non-dischargeable as a debt to a former spouse pursuant to the Property Agreement with Plaintiff Brett.

From the commencement of the adversary proceeding, issues arose with respect to the Original Complaint. Notably, the exceptions to discharge identified under §523(a)(6) and (15) are not exceptions to the discharge received by a Chapter 13 debtor pursuant to §1328(a) after completion of all payments under the plan. The Court raised this issue in an Order dated September 12, 2018 (Doc. No. 26), as an item to address at a status conference scheduled on October 10, 2018. Resolution of the issue, however, was ultimately not required as the Original Complaint was later amended to remove §523(a)(6) and (15).

<u>Motion for Leave to File Amended Complaint</u>

On September 27, 2018, Plaintiffs filed their *Motion for Leave to File Amended Complaint* ("Motion to Amend," Doc. No. 28). Within the Motion to Amend, Plaintiffs sought approval to add a claim relating to whether the debt is non-dischargeable as a domestic support obligation pursuant to §523(a)(5) and exclude the prior counts under §523(a)(6) and (15). *See* Motion to Amend, at ¶¶15-16. Plaintiffs argued that a count under §523(a)(5) asserts a claim that arose out of the Property Agreement as set forth in the Original Complaint and relates back to the Original Complaint.

Debtor filed a Response stating as follows:

Initially, the Debtor could request that the Court deny Plaintiffs' request for leave to amend because they have had more than six (6) months since the filing of their original Complaint to add any colorable claim to their cause of action. Even though Bankr.R.Civ.P. 4007(b) permits a creditor under 523(a)(5) to bring a dischargeability action at any time, it does not allow a creditor to file a Complaint and then keep adding different counts until they find one that might actually apply….However, **since denial of leave to amend the Complaint herein would arguably leave the Plaintiffs with the ability to bring a claim under 11 U.S.C. 523(a)(5) at a later date under Bankr.R.Civ.P. 4007(b), the Debtor asks the Court to grant Plaintiffs leave to amend the Complaint**, and further requests that

4

> this Court make the determination that 11 U.S.C. Section 523 (a)(5) does not render the claims in question herein non-dischargeable.

*See* Response, Doc. No. 36, at 4-5 (emphasis added). Based upon the Response, the Plaintiffs' Motion to Amend was granted by Order entered December 11, 2018 (Doc. No. 37).

Amended Complaint

On December 21, 2018, Plaintiffs filed their Amended Complaint. Notably, the one-count complaint *did not* include a count pursuant to §523(a)(5) as requested in the Motion to Amend; rather, the Plaintiffs alleged non-dischargeability pursuant to §523(a)(2)(A).[6] In the Amended Complaint, the Plaintiffs assert that a finding of non-dischargeability is appropriate as Debtor obtained money and property by false pretenses, false representations, and/or actual fraud.

Although many of the factual allegations in the Original Complaint are restated in the Amended Complaint, additional allegations are made. These new facts are generally contained under the statement of Count I. Without making any determination as to the truth of the facts alleged, new allegations were made as follows:

- Debtor obtained money and property by false pretenses, false representations, and/or actual fraud. *See* Amended Complaint, at ¶29.
- Debtor and Plaintiff Brett separated on August 3, 2014. *See* Amended Complaint, at ¶35.
- At the time of the agreement, Debtor should have known that, upon a potential divorce, repayment would not take place. *See* Amended Complaint, at ¶36.

---

[6] At oral argument, Plaintiffs contended that the Motion to Amend was written broadly enough to encompass other potential grounds under §523. The Court is not persuaded. For example, Plaintiffs state within the motion, "Plaintiffs desire to amend the Complaint to add *an additional claim* relating to whether the Debt is nondischargeable as a domestic support obligation pursuant to 11 U.S.C. *§523(a)(5)*." *See* Motion to Amend, at ¶15 (emphasis added). *See also* Motion to Amend, at ¶¶23, 33. Further, the Debtor's decision not to oppose amendment is clearly based upon a §523(a)(5) claim and specifically the fact that such a claim can be brought at any time under Fed.R.Bankr.P. 4007(b). *See* Doc. No. 36, at 4-5. Despite the fact that the Order granting leave to amend did not specifically limit Plaintiffs to a §523(a)(5) cause of action, the Order clearly provides that the Motion to Amend was granted upon consideration of the Debtor's response. *See* Doc. No. 37. Accordingly, the Motion to Amend was granted without a hearing. It is clear from the record that Debtor did not waive her right to raise the issue of untimeliness of this unanticipated claim.

- Plaintiff Brian relied upon the relationship that Debtor had with Plaintiff Brett to loan the funds. *See* Amended Complaint, at ¶37.
- Debtor "made material omissions of fact that induced Plaintiff Brian into loaning monies pursuant to the Promissory Note, specifically that the [Debtor] and Plaintiff Brett were having marital issues and that a [sic] parties were separating." *See* Amended Complaint, at ¶38.
- When she executed the Promissory Note, Debtor "falsely represented that she would make payments until paid in full or until April 2017 when the entire amount became due and owing." *See* Amended Complaint, at ¶39.
- Further, after judgment was obtained by Plaintiff Brian in 2015, Debtor entered into a renewal agreement with Plaintiff Brian for repayment of the Promissory Note, pursuant to which the monthly payments were reduced to $300.00 per month. *See* Amended Complaint, at ¶40.

Based on the allegations within the Amended Complaint, Plaintiffs aver that Debtor "obtained *money and property* by false pretenses, false representations and/or actual fraud…." *See* Amended Complaint, at ¶29 (emphasis added). Among the denials and other defenses asserted within Debtor's Answer, Debtor asserts as an affirmative defense that the statute of limitations expired under Fed.R.Bankr.P. 4007. *See* Doc. No. 47, at ¶46.

At the pretrial conference held April 10, 2019, the Court found mediation to be appropriate, especially as the parties' disputes were not limited to the adversary proceeding.[7] A Mediation Order was entered April 12, 2019 (Doc. No. 54) directing the parties to attend mediation with the object of fully resolving all of their disputes. Shortly thereafter, Debtor filed a *Motion for Reconsideration of Order Dated April 12, 2019* (Doc. No. 57) stating Debtor's opposition to mediation of the parties' disputes. Among the arguments raised, Debtor contended that the statute of limitations leaves the Court with no legal basis to make a determination of non-dischargeability. *See* Doc. No. 57, at ¶27. At the hearing held on May 6, 2019, it became clear that resolution of this issue is necessary at this juncture as it created an impasse for any potential settlement discussions

---

[7] By this time, the Debtor filed a *Motion to Avoid Judgment Lien Pursuant to 11 U.S.C. Section 522(f)(1)(A)* (Case No. 17-24680, Doc. No. 47).

6

or good faith efforts to mediate. Accordingly, the mediation deadlines were cancelled, and briefing was ordered.[8] Resolution of this dispute depends on whether the Amended Complaint can be found to "relate back" to the Original Complaint for the purpose of deeming the Amended Complaint timely filed. Following briefing and oral argument, the matter is now ripe for decision.

Analysis

Fed.R.Civ.P. 15, made applicable to adversary proceedings by Fed.R.Bankr.P. 7015, addresses amendment of pleadings and provides when an amendment relates back to the date of the original pleading. "The relation back doctrine is designed to balance a defendant's interest in the protection afforded by the statute of limitations with the preference of the Rules for resolving disputes on their merits." *See Am. Asset Fin., LLC v. Feldman* (*In re Feldman*), 506 B.R. 222, 231 (Bankr.E.D.Pa. 2014)(citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010)).

> Rule 15 counsels courts to "freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, and futility" justify a court's denial of leave to amend, and amendment of a complaint is "futile" if "that claim would not be able to overcome the statute of limitations." Where a claim is barred by the statute of limitations, amendment is only permitted if the proposed amended complaint "relates back to the date of the original pleading" pursuant to Rule 15(c).

*See Anderson v. Bondex Int'l, Inc.*, 552 F.App'x 153, 156 (3d Cir. 2014)(internal citations omitted). Significantly, "relation back, under Rule 15(c), is more circumscribed than leave to amend under Rule 15(a)." *See Link v. Mauz* (*In re Mauz*), 513 B.R. 273, 277 (Bankr.M.D.Pa. 2014)(citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006)).

In this proceeding, Plaintiffs rely upon Fed.R.Civ.P. 15(c)(1)(B) to demonstrate relation back by alleging that "the amendment asserts a claim…that arose out of the conduct, transaction,

---

[8] While Plaintiffs observe that Debtor did not file a dispositive motion to require a decision *at this time*, had Plaintiffs requested leave to file an amended complaint pursuant to §523(a)(2), the issue could have been addressed at that juncture. Although the issue arose in a procedurally unusual manner, based on the record, the Court finds it is appropriate to resolve this issue at this time.

or occurrence set out – or attempted to be set out – in the original pleading….". In applying Rule 15(c)(1)(B), the question presented is whether there is a common core of operative facts in the original complaint and amended complaint. *See Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012). As "the touchstone for relation back is fair notice," the original pleading must provide fair notice to the defendant of the amended claim and the grounds upon which it rests. *See id.* at 146. "Put another way, the underlying question for a Rule 15(c) analysis is 'whether the *original* complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint.'" *Id.* (quoting *Meijer, Inc. v. Biovail Corp.,* 533 F.3d 857, 866 (D.C.Cir.2008)). Significantly, factual overlap alone is insufficient; rather, the original complaint must have provided fair notice of the amended claim. *See Glover*, 698 F.3d at 147.

Mere factual overlap as opposed to fair notice is demonstrated in the *Glover* case. In that case, the plaintiff filed her original complaint against Mark Udren, Udren Law Offices (together, the "Udren Defendants"), Washington Mutual Bank, and Wells Fargo. *Id.* at 143. The original complaint accused the Udren Defendants of making a debt-collection phone call and of filing a foreclosure complaint demanding payment of allegedly unlawful attorney's fees in violation of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 147. The amended complaint asserted the Udren Defendants violated the FDCPA by failing to withdraw the foreclosure complaint against plaintiff after she entered into a modification agreement. *Id.* at 146-47. The Third Circuit found the amended FDCPA claim to be different in "time and type" from the earlier alleged claims notwithstanding the original complaint's reference to both the modification agreement and the foreclosure complaint. *Id.* at 147. Specifically, the Third Circuit acknowledged that the original complaint included the following allegations:

> "Although the monetary claims in Washington Mutual's Foreclosure Complaint have now long been resolved as a result of Wells Fargo's and Ms. Glover's January

8

> 4, 2008 loan modification, *neither Washington Mutual nor Wells Fargo have withdrawn that Complaint*. Thus, the now existing public record shows that Washington Mutual is pursuing a claim for well over $12,652.36 that, according to Wells Fargo's January [ ]4, 2008 agreement is neither due nor owing. This again is a form of 'double billing.'"

*See id.* (emphasis in original). Although the original complaint referenced the modification agreement and foreclosure complaint, both of which pertained to the amended claims against the Udren Defendants, the mere factual overlap was insufficient; fair notice of the amended claim is the requirement for relation back. *Id.*

Application of this standard in the context of a bankruptcy dischargeability proceeding can be seen in *American Asset Finance, LLC v. Feldman* (*In re Feldman*), 506 B.R. 222 (Bankr.E.D.Pa. 2014). In that case, while the plaintiff's original complaint alleged non-dischargeability of debt, the amended complaint relied on alternate grounds. *Id.* at 226. In the second count of the amended complaint, plaintiff alleged willful and malicious injury by the debtor on the basis of conversion. *Id.* at 226, 231. The debtor challenged the timeliness of the conversion claim, and the outcome depended on application of Rule 15(c)(1)(B). *Id.* at 231-32. The court compared the allegations in the original complaint with the amended complaint and concluded that, had the original complaint included a count based on conversion, the facts alleged would have been sufficient to state a claim. *Id.* at 232. Therefore, the new legal theory raised in the amended complaint related back to the original complaint as the facts were neither new or changed in any way prejudicial to the debtor. *Id.*[9] The same cannot be found in this adversary proceeding.

---

[9] Subsequently, the bankruptcy court granted summary judgment in favor of the plaintiff, which ruling was appealed along with the Court's prior decision granting leave to file the amended complaint. *See Feldman v. Am. Asset Fin., LLC,* 534 B.R. 627, 632 (E.D.Pa. 2015). Although the District Court did not disturb the bankruptcy court's decision regarding relation back of the amended complaint under Rule 15(c)(1)(B), the decision to grant summary judgment was vacated and remanded. *See id.* at 637-38, 646.

The Amended Complaint seeks a finding of non-dischargeability based upon §523(a)(2)(A), which excepts from discharge a debt "for money [or] property…to the extent obtained by false pretenses, a false representation, or actual fraud…." A false representation requires an express statement while false pretenses are the result of an implied misrepresentation or conduct by a debtor that fosters a false impression. *See Lepre v. Milton* (*In re Milton*), 595 B.R. 699, 712 (Bankr.W.D.Pa. 2019). Actual fraud can be shown where debtor acted with wrongful intent enabling debtor to obtain money or property as part of a fraudulent scheme. *Id.*

The Court reads the Amended Complaint to allege that the debt owed to Plaintiff Brian for the funds loaned in 2014 constitutes a debt for money obtained by false pretenses, false representations and/or actual fraud because (1) Debtor failed to disclose that she and Plaintiff Brett were experiencing marital issues despite Plaintiff Brian's reliance on the couple's relationship in making the loan and (2) Debtor knew (or should have known) she would be unable to repay the debt at that time due to a potential divorce. To the extent it is alleged that there is a debt owed for *property* obtained by false pretenses, false representations, or actual fraud, the underlying facts are less clear. The Court infers that Plaintiff Brett alleges that Debtor obtained the vehicle through the Property Agreement fraudulently, though the nature of the fraud is not apparent. With this in mind, the Court considers the standard for relation back.

Simply put, "[t]he basic test is whether the newly pleaded amendment is based on the same facts alleged in the original complaint." *See Mensah v. Salazar* (*In re Salazar*), No. 07-1755, 2008 WL 682081, at *3, 2008 Bankr. LEXIS 595, at *7 (Bankr.D.N.J. Mar. 7, 2008). Plaintiffs identify a number of cases in support of the conclusion that an amended complaint asserting a new legal theory can relate back to the original complaint asserting a different legal theory. *See* Plaintiffs' Brief (Doc. No. 71), at ¶28. The Court agrees that Rule 15(c) permits this under certain conditions.

Further, the Court does not disagree that an amended complaint asserting a §523(a)(2) claim *may* relate back to an original complaint filed pursuant to §523(a)(6) and (15). However, that is not enough to establish that relation back is appropriate *in this case* based upon the facts alleged in the Original Complaint. As Plaintiffs acknowledge, the notice test requires that the prior complaint put a defendant on notice of the *facts that support the new theories. See* Plaintiff's Brief, at ¶28.

The Plaintiffs conclusively state that Debtor was provided fair notice as the Original Complaint concerned the Property Agreement and the actions related thereto. *See* Plaintiffs' Brief, at ¶29. The Court disagrees that fair notice was provided.[10] Significantly, upon review of the Original Complaint, it is devoid of allegations of fraud, deceit or any actions by Debtor to wrongfully induce the Plaintiffs to act or enable her to obtain money or property. The Original Complaint contained no allegations regarding the Debtor's state of mind at the time she entered into either the Promissory Note or the Property Agreement. The only alleged wrongful conduct related to this debt set forth in the Original Complaint, i.e., the trade-in of the vehicle, occurred years after the agreements that enabled Debtor to obtain the loan from Plaintiff Brian and the vehicle in the Property Agreement with Plaintiff Brett. Thus, the alleged misconduct occurred long after the debt at issue was incurred, not when Debtor obtained the funds or the vehicle. Nor is there any apparent connection between the sale or trade-in of the vehicle and either the Promissory Note or the Property Agreement as neither Plaintiff asserted a security interest in the vehicle. Thus, how this allegation supports a finding of fraudulent misconduct at all is unexplained. Further, the Court will not stretch the allegations regarding the eventual cessation of payments in the Original

---

[10] Nor is it sufficient that the amended claim is likewise a challenge to dischargeability of the same debt. As is clear from §523 and Fed.R.Bankr.P. 4007, the time for commencing a proceeding under certain provisions of §523 is more limited. Fair notice must be assessed based on the facts alleged in the Original Complaint and the new legal theory being pursued.

Complaint to constitute an allegation of fraud that would put Debtor on notice of a §523(a)(2) claim.

At most, the Original Complaint alleged Debtor breached contracts with the Plaintiffs and provided notice that Debtor would have to defend against allegations that (1) the Property Agreement is the type of agreement defined in §523(a)(15) and (2) the debt owed is for willful and malicious injury due to the trade-in or sale of Debtor's vehicle in 2017. Accordingly, the Debtor was not provided with fair notice by the Original Complaint of the facts in support of the new legal theory asserted in the Amended Complaint.[11] The Plaintiffs' reliance on Rule 15(c)(1)(B) to permit an amendment beyond the deadline to commence an action under §523(a)(2) is misplaced.

## Conclusion

Based on the foregoing, the Amended Complaint asserting a single count alleging non-dischargeability pursuant to §523(a)(2) must be dismissed as untimely. For the reasons set forth herein, Plaintiffs cannot cure the §523(a)(2) claim through amendment, and dismissal shall be with prejudice. An Order will be entered consistent with this Memorandum Opinion.

Date: October 3, 2019   /s/ Carlota M. Böhm
Carlota M. Böhm
Chief United States Bankruptcy Judge

**MAIL TO:**

Office of the United States Trustee
Keri P. Ebeck, Esq.
Dennis J. Spyra, Esq.

---

[11] Even if true, the Court notes that the allegations in the Amended Complaint are weak in support of a finding of fraud under §523(a)(2). Plaintiff Brian's loan to Plaintiff Brett and Debtor in 2014 in the amount of $35,000.00, which obligation became the sole responsibility of Debtor in July of 2015, was clearly reduced to $24,000.00 by the time Debtor ceased making payments in September of 2017. Accordingly, even accepting the allegations as true, Debtor continued making some payments for *years* after the initial loan and after she took on the burden of the debt under the Property Agreement. While Plaintiffs are harmed by a breach of contract, that is not the issue for a §523(a)(2) action. Notably, a creditor bears a difficult burden as exceptions to discharge are generally construed in favor of debtors. *See Milton*, 595 B.R. at 712.